UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| THOMAS TEN PAS, | ) |
| | ) |
| Plaintiff, | ) PLAINTIFF'S COMPLAINT AND |
| | ) DEMAND FOR JURY TRIAL |
| – vs – | ) |
| | ) |
| FIRST NATIONAL BANK OF | ) |
| OMAHA and EQUIFAX | ) |
| INFORMATION SERVICES, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, THOMAS TEN PAS ("Plaintiff"), through his undersigned counsel, hereby alleges the following against Defendant, FIRST NATIONAL BANK OF OMAHA ("FNBO") and Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX").

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

### Parties

2. Plaintiff is a natural person residing in Pahoa, Hawaii and is otherwise *sui*

- 1 -

PLAINTIFF'S COMPLAINT

*juris*. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

3. Defendant FNBO is a nationally chartered bank headquartered in Omaha, Nebraska.

4. On information and belief, Defendant FNBO is a person who regularly and in the ordinary course of business furnishes information to one or more "consumer reporting agencies" regarding its transactions or experiences with "consumers".

5. On information and belief, this includes consumer reporting agencies such as Experian Information Solutions, Inc ("Experian"), TransUnion, LLC ("TransUnion") and Defendant EQUIFAX.

6. Defendant EQUIFAX is a limited liability corporation headquartered in Atlanta, Georgia.

7. Although Experian and TransUnion are not parties to this lawsuit, they are, along with Defendant EQUIFAX, nationwide consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f).

8. Defendant EQUIFAX, Experian, and TransUnion regularly engage in the business of assembling, evaluating and distributing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports to third parties, as such are defined in 15 U.S.C. § 1681a(f).

## Jurisdiction and Venue

9. Defendants conduct business Georgia and therefore personal jurisdiction is established.

10. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681p, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

11. Venue is proper in the United States District Court Northern District of Georgia pursuant to 28 U.S.C § 1391b(3) because Defendant EXPERIAN resides within this District and is subject to the Court's personal jurisdiction with respect to this action.

## Factual Allegations

12. On or around November 29, 2016, Plaintiff and Defendant FNBO agreed to settle an outstanding debt owed by Plaintiff to Defendant FNBO on a credit account ending in -2523 (the "Account").

13. This agreement was memorialized in writing, which detailed the terms of the agreement, including the payment schedule.

14. On or around February 7, 2017, Plaintiff timely made the final payment pursuant to the settlement agreement, thereby resulting in a zero-balance owed to Defendant FNBO on the Account.

PLAINTIFF'S COMPLAINT

15. Despite Plaintiff's performance under the terms of the agreement, Defendant FNBO reported incorrect information regarding the Account. Specifically, Defendant FNBO reported monthly payment information inconsistent with the settlement.

16. On or around February 7, 2020, Plaintiff informed Defendant EQUIFAX, via its electronic dispute portal, of incorrect information being reported on the Account. Specifically, Plaintiff requested Defendant EQUIFAX investigate the payment history.

17. On information and belief, Defendant EQUIFAX, pursuant to its responsibility in 15 U.S.C. § 1681i, notified Defendant FNBO of the disputed accuracy of the information they provided concerning Plaintiff.

18. Upon being notified by Defendant EQUIFAX, Defendant FNBO was required, pursuant to 15 U.S.C. § 1681s(2)(b), to (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the CRA; (C) report the results of the investigation to the CRA; and (D) if the investigation found information was incomplete and inaccurate, report such results to all CRAs to which Defendant FNBO previously provided information.

19. Following the dispute, additional incorrect information was reported that is inconsistent with the settlement agreement. Specifically, the Account was reported as 60, 90, and 120 days late during the months of February, March, and April 2020, respectively.

20. This information is incorrect and is at odds with the zero balance that was obtained via Plaintiff's performance of the settlement terms in February 2017.

21. Therefore, Defendant FNBO being notified of the reporting of incorrect information, subsequently and willingly failed to conduct a genuine investigation into Plaintiff's disputes, review all relevant information provided to it, and report the results to the CRAs to which it provided said information. If Defendant FNBO would have complied with its statutory duties, additional incorrect information would not have been reported.

22. Further, upon being notified by Plaintiff of inaccurate information, Defendant EQUIFAX, pursuant to 15 U.S.C. § 1681e(b), was required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff. Defendant EQUIFAX failed to do so. If Defendant EQUIFAX would have complied with its statutory duties, incorrect

information concerning Plaintiff would not have been reported despite notice from Plaintiff.

23. As a result of this conduct and action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

## FIRST CAUSE OF ACTION

## DEFENDANT FNBO VIOLATED THE FCRA *15 U.S.C. § 1681s-2(b)*

24. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

25. Defendant FNBO's violations of the FCRA include, but are not limited to, the following:

   a. Defendant violated *§1681s-2(b)(1)(A)* of the FCRA by failing to conduct an investigation with respect to the information disputed by Plaintiff;

   b. Defendant violated *§1681s-2(b)(1)(B)* of the FCRA by failing to review all relevant information provided by the consumer reporting agency pursuant to 15 U.S.C. § 1681i; and

   c. Defendant violated *§1681s-2(b)(1)(C) and (D)* of the FCRA by failing to report the results of the investigation to the CRAs, since the information is incomplete and/or inaccurate.

## SECOND CAUSE OF ACTION

## DEFENDANT EQUIFAX VIOLATED THE FCRA 15 U.S.C. § 1681e(b)

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

27. Defendant EQUIFAX's violations include, but are not limited to, the following:

   a. Defendant violated *§1681e(b)* of the FCRA by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for the following:

## FIRST CAUSE OF ACTION

28. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A);

29. Punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

30. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3); and

31. Awarding such other and further relief as may be just, proper and equitable.

## SECOND CAUSE OF ACTION

32. Statutory damages of $1,000.00 for each Defendant pursuant to 15 U.S.C. § 1681n(a)(1)(A);

33. Punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

34. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3); and

35. Awarding such other and further relief as may be just, proper and equitable.

## JURY TRIAL DEMAND

36. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: July 22, 2020

By: *Chaka Michael Douglas*
Chaka Michael Douglas
WAKHISI-DOUGLAS LLC
2002 Summit Blvd – Suite 3000
Atlanta, GA 30319
T: (404) 566-2320
F: (866) 566-1232
E: cmdouglas@wd-law.net